IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESLIE HARALSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:13-cv-130 (MTT) |
| | : | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | : | Social Security Appeal |
| | : | |
| Defendant. | : | |
| | : | |

## RECOMMENDATION

This is a review of the final decision of the Commissioner of Social Security denying Plaintiff Leslie Haralson's claim for supplemental security income. Because the Commissioner's final decision is supported by substantial evidence and based on proper legal standards, it is **RECOMMENDED** that the decision be **AFFIRMED**.

## BACKGROUND

At the time of the administrative hearing, Plaintiff was 36 years old. Plaintiff suffered from the severe impairments of residuals from leg fracture and mood/anxiety disorder. Prior to the alleged onset date of February 26, 2005, Plaintiff worked as a hairstylist and a preschool teacher. On February 17, 2010, Plaintiff applied for supplemental security income. Plaintiff's application was denied initially and upon reconsideration. Following an administrative hearing on May 22, 2012, the Administrative Law Judge (ALJ) issued a written decision finding Plaintiff not disabled. The Appeals Council declined to review the ALJ's written decision on January 4, 2013. On March 12, 2013, the Appeals Council also denied Plaintiff's request to reopen the file based on a newly submitted one-paragraph letter from Dr. Phillips dated January 28, 2013. Plaintiff filed the instant case on April 8, 2013.

STANDARD OF REVIEW

Review of the Commissioner's decision is restricted to whether the decision "is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. Under this limited standard of review, a reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004), quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Where substantial evidence supporting the ALJ's factual findings exists, courts cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's factual findings. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Even so, the failure to apply the correct legal standards or to provide a sufficient factual basis for the reviewing court to determine whether the correct legal standards have been applied is grounds for reversal. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving benefits under the Social Security Act if they are unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The claimant bears the burden of proving her disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

When analyzing the issue of disability, the Commissioner must follow a five-step sequential evaluation procedure. 20 C.F.R. § 416.920(a)(4)(i)-(v). First, the Commissioner

determines whether the claimant currently is engaging in substantial gainful activity. Second, the Commissioner considers the medical severity of the claimant's impairments. Third, the Commissioner considers whether the medical severity of the claimant's impairments meets or equals the severity of one or more of the specified impairments in the listing of impairments and meets the duration requirement.

The Commissioner next assesses the claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1). Fourth, based on the RFC assessment, the Commissioner evaluates the claimant's ability to return to past relevant work despite the claimant's impairments. Fifth, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of her RFC, age, education, and work experience.

## DISCUSSION

The Commissioner's final decision must be affirmed because the determination that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards. Plaintiff argues that this case should be remanded because she has identified new, material evidence that she has good cause for not submitting at the administrative level, namely a one-paragraph letter from Dr. Phillips dated January 28, 2013. As discussed below, however, review of the complete administrative record establishes that remand is not warranted under sentence six of 42 U.S.C. § 405(g) based on the additional medical evidence identified by Plaintiff.

**ALJ's Findings**

At step one of the five-step sequential evaluation procedure, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the application date of February 17, 2010. AR 17. At step two, the ALJ concluded that Plaintiff suffered from the severe impairments

3

of residuals from leg fracture and mood/anxiety disorder. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that either met or medically equaled one of the listed impairments set forth in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations. Id.

Consequently, before moving to step four the ALJ considered Plaintiff's RFC. The ALJ concluded that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. § 416.967(b) with certain exceptions. AR 19. Plaintiff could stand and walk for two hours, and Plaintiff could climb ramps and stairs occasionally. Id. Plaintiff also could balance, stoop, crouch, crawl, and kneel occasionally. Id. Even so, Plaintiff could never climb ladders, ropes, scaffolds, or be exposed to similar hazards. Id. Plaintiff could be exposed to humidity occasionally, but Plaintiff could never be exposed to extreme heat or work in dark environments. Id. Plaintiff could never drive commercially or use right leg/foot controls. Id. Further, Plaintiff could perform simple, routine tasks requiring no more than occasional social interaction, and Plaintiff typically could work with occasional social interaction with the same people. Id.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. AR 22. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff was able to perform based on her age, education, work experience, and RFC, including, small parts assembler, electrical assembler, and photocopier. Id. at 23. Therefore, the ALJ concluded that Plaintiff was not disabled. Id.

**Additional Medical Evidence**

The only argument made by Plaintiff in this social security appeal is that the Court should remand this case under 42 U.S.C. § 405(g) because she has identified new, material evidence that she has good cause for not submitting at the administrative level, namely a one-paragraph letter

4

from Dr. Phillips dated January 28, 2013. Doc. 12-1 at 9-12. Because Dr. Phillips' letter is not material, and because Plaintiff fails to demonstrate good cause for her failure to submit Dr. Phillips' letter at the administrative level, Plaintiff's additional medical evidence does not provide the Court with an appropriate basis to remand this case pursuant to sentence six of 42 U.S.C. § 405(g).

In this case, the additional medical evidence proffered by Plaintiff consists of a one-paragraph letter from Dr. Phillips dated January 28, 2013. Doc. 12-2. In the letter, Dr. Phillips identifies Plaintiff as a patient "who came to see me a few months ago for problems involving her right knee and leg." Id. Dr. Phillips notes that Plaintiff extensively injured her right leg, which he terms as "a degloving injury to her lower extremity with a major fracture to her leg," after being involved in motor vehicle accident. Id. Dr. Phillips mentions that he recently evaluated Plaintiff's right knee and lists various problems associated with Plaintiff's injury, such as, "a short right leg, residual weakness and numbness to her right foot and ankle leading to a steppage gait deformity, and of course, the short leg gait deformity due to the shortening of the healed fracture." Id. Dr. Phillips further opines that Plaintiff has chronic pain and difficulties walking without an assistive device, before concluding that "[i]n my opinion, [Plaintiff] is disabled as a result of these problems, and in my opinion, this disability is permanent." Id.

Review of the complete administrative record establishes that Plaintiff did not submit the Dr. Phillips' letter to the Appeals Council during the appropriate period for sending additional medical evidence, which expired on December 10, 2012. AR 7-8. Instead, Plaintiff submitted Dr. Phillips' letter to the Appeals Council only after the Appeals Council declined to review the ALJ's written decision on January 4, 2013, and the Appeals Council subsequently denied

5

Plaintiff's request to reopen the file based on Dr. Phillips' letter without including the letter in the complete administrative record on March 12, 2013. AR 1-6.

Sentence six of 42 U.S.C. § 405(g) provides "the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." Ingram v Commissioner of Social Security, 496 F.3d 1253, 1267 (11th Cir. 2007). To show a sentence six remand is needed, Plaintiff must establish that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

Assuming for the sake of argument that Plaintiff could establish that Dr. Phillips' letter is new, noncumulative evidence, Plaintiff nevertheless fails to establish that the letter is material because there is no reasonable probability that it would change the administrative result. See Caulder, 791 F.2d at 877. Preliminarily, the Court cannot afford any special significance to the statements in Dr. Phillips' letter about Plaintiff being permanently disabled, which are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive." 20 C.F.R. § 416.927(d). Because Dr. Phillips does not identify any relevant evidence, including laboratory findings, to support his conclusory statements about Plaintiff's various problems, these portions of Dr. Phillips' letter are entitled to little weight. 20 C.F.R. § 416.927(c). Similarly, because some of Dr. Phillips' conclusory statements, including his statement that Plaintiff requires an assistive device in order to walk are contradicted by other medical evidence of record (AR 281; AR 305), these portions of Dr. Phillips' letter are entitled to little weight as well. 20 C.F.R. § 416.927(c). In addition, Plaintiff does not establish that Dr.

6

Phillips qualifies as a "treating source" under 20 C.F.R. § 416.902, and therefore, there is no basis for the Court to conclude that any aspect of Dr. Phillips' letter "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis, 125 F.3d at 1440. Unlike other cases in which the additional medical evidence provided the only comprehensive evaluation of some aspect of the claimant's condition, Dr. Phillips' one-paragraph letter is not comprehensive, aspects of it are contradicted by the existing record, and other physicians, including Dr. Hutchings, already have examined Plaintiff's residual injuries from her right leg fracture thoroughly. See Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985). Because Plaintiff fails to adequately show that "there is a reasonable possibility that the new evidence would change the administrative outcome" here, the Court should conclude that Plaintiff did not satisfy the materiality requirement. Id.

Plaintiff also fails to establish good cause for her unexplained failure to submit Dr. Phillips' letter at the administrative level. See Caulder, 791 F.2d at 877. Although Dr. Phillips' January 28, 2013 letter postdates the Appeal Council's January 4, 2013 refusal to review the ALJ's written decision by twenty-four days, the first sentence in Dr. Phillips' letter states that Plaintiff "came to see me a few months ago for problems involving her right knee and back." Doc. 12-2. Plaintiff offers no explanation whatsoever regarding why Dr. Phillips' letter could not have been obtained and submitted to the Appeals Council during the appropriate period for sending additional medical evidence, which expired on December 10, 2012, given that Dr. Phillips expressly reported that Plaintiff saw him an unspecified amount of months before January 2013. Unlike other cases in which the additional evidence did not exist at the time of the administrative proceeding, all of the findings set forth Dr. Phillips' letter did exist while the Plaintiff's administrative appeal was pending; they simply had not been reduced to a one-

7

paragraph letter and timely filed with the Appeals Council. See Courter v. Commissioner, 479 Fed. Appx. 713, 725 (6th Cir. 2012) (holding that the claimant's failure to solicit additional medical evidence during the administrative proceeding did not satisfy the "good cause" requirement). Because Plaintiff fails to adequately show that her unexplained failure to submit Dr. Phillips' letter at the administrative level reflects "an attempt, though unsuccessful, to fully comply with administrative requirements," and not "any bad faith attempt to manipulate the administrative process," the Court should conclude that Plaintiff did not satisfy the good cause requirement. Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987).

## CONCLUSION

Because Plaintiff's additional medical evidence does not provide an appropriate basis to remand this case under sentence six of 42 U.S.C. § 405(g), it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of July, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

8